UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANINDERJOT SINGH BHOGAL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-04587-DJC-SCR<br><br>RELEASE ORDER<br><br>A# 221-390-329 |

Petitioner Maninderjot Singh Bhogal is a noncitizen detainee who received a bond hearing before an Immigration Judge in response to this Court's prior order. At the bond hearing, the Immigration Judge denied bond, concluding that Petitioner presents a flight risk. Petitioner now files a habeas petition challenging the bond hearing he received as constitutionally inadequate. (Pet. (ECF No. 1); Suppl. (ECF No. 11).) For the reasons discussed below, the Court orders Petitioner's release from custody.

**BACKGROUND**

Petitioner is a citizen of India who was apprehended upon entry into the United States. (Opp'n (ECF No. 13) at 1.) He was found to have credible fear of persecution and was put in removal proceedings; Petitioner was ordered removed on May 5,

2026. (*Id.* at 2.) On March 9, 2026, United States Magistrate Judge Sean C. Riordan issued a Finding and Recommendation concluding that was due process and that "a prompt bond hearing is necessary, at which bond hearing respondent would bear the burden demonstrating continued detention is warranted," and this Court adopted the Findings and Recommendation in full. *Bhogal v. Warden of California City Det. Ctr.*, No. 1:26-CV-00698-DJC-SCR, 2026 WL 881359, at *1 (E.D. Cal. Mar. 31, 2026). Consequently, this Court instructed Respondent to provide Petitioner with "a bond hearing before an IJ within fourteen days where the IJ must order petitioner released unless the IJ finds that he presents a risk of flight or danger to the community by clear and convincing evidence." *Id.* On April 13, 2026, an Immigration Judge denied bond. (Opp'n, Ex 4 (ECF No. 13-1) at 13). Petitioner filed a Petition for Writ of Habeas Corpus and the Court appointed counsel. (Pet. (ECF No. 1); ECF No. 7.) The matter is now fully briefed. (Pet; Suppl. (ECF No. 11); Opp'n; Reply (ECF No. 14).)

**DISCUSSION**

Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted).

This Court's order instructed that the Immigration Judge must release Petitioner unless the Government shows by "clear and convincing" evidence that Petitioner is a flight risk or danger to the community. *Bhogal*, 2026 WL 881359, at *1. The "clear and convincing" standard requires the Government to present evidence that establishes "an abiding conviction that the truth of its factual contentions are highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (internal citation and quotation marks omitted); *see Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th

Cir. 2015). This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." *Colorado*, 467 U.S. at 316. Thus, "the Court must decide whether the [Immigration Judge] relied upon proof that – as a matter of law – could not establish" Petitioner's dangerousness or risk of flight. *Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018).

The Immigration Judge did not initially rely on the correct burden of proof. In the written decision, the Immigration Judge held:

> [Petitioner's][1] burden. [Petitioner] presented testimony. [Petitioner] is significant flight risk such that no amount of bond or conditions would secure his future court appearance. [Petitioner] has not been in the U.S. for a significant period time as he entered into the United States without inspection on January 7, 2025. [Petitioner] has no immediate family members with status here in the U.S. [Petitioner] has not presented evidence of stable residency or employment history. [Petitioner] relief is speculative at this juncture. He is subject to the Circumvention of Lawful Pathways which requires [Petitioner] to a higher burden of proof.

(Opp'n, Ex 4 (ECF No. 13-1) at 13.) The Immigration Judge then added a second paragraph that repurposed the same reasoning under a nominally different standard:

> Even if DHS had the burden, DHS has established that [Petitioner] is a significant flight risk that cannot be mitigated by bond. As discussed above, [Petitioner] has no immediate family members in the U.S. such that he would be able to derive status. [Petitioner] testified that he would live with his sponsor, but the zip code did not match what was provided in the record. [Petitioner] testified that he has never resided at his sponsor's house. He is subject to the Circumvention of Lawful Pathways, requiring [Petitioner] to show that he would more likely than not be harmed should he be removed to his home country.

[1] In bond proceedings, the noncitizen detainee is referred to as "Respondent." To avoid confusion and maintain internal consistency, all references to "Respondent" have been substituted with "[Petitioner]".

(*Id.*) While the Immigration Judge's second paragraph does cite the correct standard, the reasoning relied on by the Immigration Judge shows that the Immigration Judge did not, in practice, place the burden on the Government to show that Petitioner is a flight risk by clear and convincing evidence. Instead, the Immigration Judge cited to gaps and weaknesses in Petitioner's evidence: Petitioner's lack of family members in the country, an inconsistency in the zip codes associated with the sponsor's address, Petitioner's lack of past history residing at his sponsor's address, and Petitioner's lack of pathway to relief. (Opp'n, Ex 4 at 13.) This approach fails to hold the Government to its burden. "Only after the IJ is satisfied that the evidence proffered by DHS, standing on its own, establishes 'a firm belief or conviction' that release on bond is not warranted should the court consider whether the noncitizen's evidence sufficiently rebuts, mitigates, or undermines the government's showing." *Cervantes Arredondo v. Baltazar*, 2025 WL 5236084, at *3. A bond decision "that instead treats gaps or weaknesses in the noncitizen's presentation equally with the affirmative proof submitted by the government collapses this sequence." *Id.* Even if the Immigration Judge rejects all of Petitioner's mitigating evidence, the evidentiary scales would be even and the clear and convincing standard would not be met. *See Singh v. Warden of the California City Det. Facility*, No. 1:26-cv-04188-DJC-CKD, 2026 WL 2475601, at *1 (E.D. Cal. Aug. 24, 2026) (holding that deficiencies or absences in Petitioner's evidence cannot serve as the basis of a finding that DHS has met its clear and convincing standard).

Moreover, as this Court has explained, relying on the speculation that Petitioner would be unlikely to succeed in obtaining immigration relief is not "evidence of flight that remotely approaches the clear and convincing standard." *Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026); *see also Tiboko-Tifuh v. Noem,* No. 26-cv-01215-JO-DEB, 2026 WL 1603795, at *3 (S.D. Cal. June 4, 2026) (finding that the Immigration Judge's reliance on the speculation that Petitioner was unlikely to succeed on appeal and would have nothing to "come back

for" did not replace evidence or satisfy the clear and convincing evidence standard). The Immigration Judge therefore cannot rely on speculation that Petitioner would be barred from relief by the Circumvention of Lawful Pathways rule to find that he is a flight risk.

Therefore, although the Immigration Judge recited the correct standard in his opinion (in the alternative), he failed to apply it. *Nat. Res. Def. Council, Inc. v. Pritzker,* 828 F.3d 1125, 1135 (9th Cir. 2016) (citation omitted) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision"). This Court and others have found that this failure constitutes a clear legal error and an abuse of discretion. *Muzahir v. Chestnut*, No. 1:26-CV-02246-DJC-CSK, 2026 WL 1949010, at *4 (E.D. Cal. July 6, 2026) (holding that the Immigration Judge failed to hold the Government to the clear and convincing standard where the that judge considered only Petitioner's lack of family ties, fixed address, relationship with is sponsor, property assets, employment history, and pathway to immigration relief); *see also Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011) (finding that the "clear and convincing" standard could not likely be met where "the government never argued that Singh was a flight risk or presented any evidence to that effect"); *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017) (finding that an IJ erred by finding "clear and convincing" evidence of flight risk where the Government failed to "present any evidence to that effect"). Moreover, "[a]lthough some of the reasons the Immigration Judge cited in denying bond fall under the *Guerra* factors, the arguments made by DHS rest on considerations other courts have rejected as legally insufficient to meet the clear and convincing standard," specifically "speculation that Petitioner would be unlikely to succeed in obtaining immigration relief." *Muzahir*, 2026 WL 1949010, at *4 (citations omitted).

The final question is remedy. "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts

have either ordered petitioner's immediate release . . .or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases). In line with the Court's past cases ordering release where the Government failed to provide the required bond hearing, the Court holds that the appropriate remedy here Petitioner's immediate release. *See, e.g., Rodriguez Bustillo v. Andrews*, No. 1:26-cv-05737-DJC-AC, 2026 WL 2225717, at *1 (E.D. Cal. Aug. 3, 2026) (explaining that a delay in providing a bond hearing "violates Petitioner's due process rights and justifies release."); *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that "Petitioner's lengthy detention without the process afforded to him under 8 U.S.C. § 1226(a) warrants release" where "the Government intentionally chose to deny Petitioner the right to a bond hearing, and there is no indication before the Court of prima facie evidence that Petitioner could be found to be a risk of flight or a danger to the community); *see also Y.S.G. v. Andrews*, No. 2:25-cv-01884-SCR, 2025 WL 2979309, at *11 (E.D. Cal. Oct. 22, 2025) (ordering release after determining that the Immigration Judge's order "did not comply with the clear and convincing standard" ordered by the court).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Respondents are ORDERED to immediately release Petitioner Maninderjot Singh Bhogal from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and

detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

4. The Clerk of the Court is also directed to close this action. This order resolves all pending motions.

IT IS SO ORDERED.

Dated: **September 9, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Bhogal-1:26-cv-04587.merits